GALLAUDET *et al. v.* KELLOGG *et al.*

(*Supreme Court, General Term, First Department.*   October 16, 1891.)

1. ACTION ON CONTRACT—PLEADING—VARIANCE.

Plaintiffs sued on an alleged contract by which defendants promised to pay them $100,000 for their assistance in procuring the contract for building a bridge to be awarded to defendants. By the written contract, as proved on the trial, defendants promised to pay plaintiffs a commission of 5 per cent. up to the amount of $100,000, to be deducted from cash payments to defendants on the bridge contract, for assisting defendants in the financial arrangements necessary to complete the bridge within the time specified by the contract. *Held,* that this was a material variance, and plaintiff's action failed on the proof.

2. SAME—DISMISSAL—DIRECTION OF VERDICT.

In such case, however, the court should dismiss the complaint instead of directing a verdict for defendant.

Exceptions from special term, New York county.

Action by Peter W. Gallaudet and Henry Fitch, Jr., against Charles Kellogg and others, composing what was known as the Union Bridge Company, on a contract by which it was alleged that defendants agreed to pay plaintiffs $100,000 for assisting the defendants to procure the contract for the building of the Poughkeepsie bridge across the Hudson river. A memorandum of the contract between the parties, introduced at the trial, was as follows: "The Union Bridge Company agrees to pay P. W. Gallaudet & Co. a commission of five (5) per cent. up to the amount of one hundred thousand, ($100,000) to be deducted *pro rata* from each cash payment to the Union Bridge Company, from the money received from sale of bonds of the Poughkeepsie Bridge Company, for assisting, furthering, and aiding said Union Bridge Company in the financial arrangements necessary to complete said bridge within the specified time of contract. *New York, Aug.* 27, 1886." At the close of the case the court directed a verdict for defendants, and ordered plaintiffs' exceptions to be heard in the first instance at the general term.

Argued before VAN BRUNT, P. J., and PATTERSON, J.

*Fraser & Minor,* (*Geo. W. Wingate,* of counsel,) for plaintiffs.   *J. Adriance Bush,* (*Joseph H. Choate,* of counsel,) for defendants.

PATTERSON, J.   We are of the opinion that the exceptions must be overruled, except as to the direction of a verdict.   The cause of action set forth in the complaint was based upon a contract by which compensation was promised to the plaintiffs simply for services in aiding and assisting in the procurement of an agreement whereby the defendants would become contractors for the work of building a bridge over the Hudson river at Poughkeepsie.   According to the complaint, this agreement sued on contemplated nothing further of service or duty on the part of the plaintiffs than above stated, and for their aid they were to receive 5 per cent. of the price of the work, to be paid on the execution and delivery to the defendants of a contract for construction.   While negotiations between the defendants and the parties for whom the bridge was to be built were pending and about concluded, but before the contract was signed, these plaintiffs and the defendants met in conference, and agreed upon a written statement of the understanding between them; and there can be no doubt, on the testimony, that the plaintiffs accepted that writing as containing the exact terms of the contract under which they were to be entitled to compensation from the defendants.   It is dated August 27, 1886.   Beveridge, who represented the plaintiffs, swears there was but one contract, and that it is expressed in that paper.   He testifies as follows: "I still say there was but one contract between our firm and the defendants for a commission of five per cent. on the contract price, and this paper of August 27th was drawn up to give us evidence,—the written evidence of it."   On the proof, therefore, it is apparent that the action failed.   The cause of action sued on was not only not made out, but a substantially different contract from that counted upon was proven,—one which fixed the compensation differently, provided for its payment from a specified source, and required from the plaintiffs additional and future service.   It is clear there were not two contracts entered into between the plaintiffs and the defendants, and it is also clear that the contract of August 27th was that upon which both parties reposed as the evidence of their respective rights and obligations.   Under these circumstances, it is quite clear the plaintiffs were not entitled to recover; but we are of opinion that the complaint should have been dismissed, instead of a verdict being ordered.   All the exceptions, except as stated, are overruled, and judgment directed that the complaint be dismissed, with costs.